Submitted on the record November 20, judgment of Tax Court affirmed
December 31, 2008

Michael J. GARRISON,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(TC 4796; SC S055852)

200 P3d 126

Michael J. Garrison, appellant, filed the briefs on behalf of himself.

Melisse S. Cunningham, Assistant Attorney General, Salem, filed the brief for respondent. With her on the brief was Hardy Myers, Attorney General.

BALMER, J.

**BALMER, J.**

Taxpayer appeals from a decision of the Regular Division of the Oregon Tax Court that dismissed his appeal from the Magistrate Division to the Regular Division as untimely. For the reasons set out below, we affirm the judgment of the Tax Court.

The facts, which are undisputed, are taken from the Tax Court decision and the record. On June 23, 2006, the Department of Revenue issued an individual assessment against taxpayer relating to income taxes for the year 2004. The assessment informed taxpayer of his right to an appeal and indicated that an appeal to the Tax Court (which is initiated by filing a "complaint") must be filed with the Magistrate Division of that court within 90 days of the date of the assessment notice, as required by ORS 305.280(2). Taxpayer filed his complaint on October 13, 2006, approximately three weeks late. The department moved to dismiss the complaint as untimely, and the Magistrate Division granted the motion in a written order filed on May 30, 2007. That order informed taxpayer that if he wanted to appeal the dismissal to the Regular Division of the Tax Court, he had to file a complaint with that division within 60 days of the date of the order of dismissal, as required by ORS 305.501(5)(a). The order also stated that, if taxpayer did not appeal, the order would become final. Sixty days from May 30, 2007, was July 29, 2007. Because that day was a Sunday, taxpayer had until the following day, Monday, July 30, to file his complaint in the Regular Division. *See* TCR 10 A(1) (describing time computation).

On July 26, 2007, taxpayer sent the Tax Court a document that he labeled "Notice of Appeal." Taxpayer did not, however, include the required filing fee. ORS 305.490(1)(b) requires a plaintiff to pay $50 for each complaint filed in the Regular Division, with certain exceptions not applicable here.[1] The Tax Court stamped taxpayer's

---

[1] ORS 305.490 provides, in part:

"(1) Plaintiffs or petitioners filing a complaint or petition in the tax court shall pay a filing fee for each complaint or petition as follows:

"* * * * *

"(b) For a complaint or petition in the regular division, $50."

document "received" and returned it to taxpayer with a letter containing instructions on how to file an appeal. The letter to taxpayer stated that a complaint in the Regular Division appealing a decision of the Magistrate Division must be accompanied by the $50 filing fee or by a motion for a waiver or deferral of that fee.

On August 29, 2007, taxpayer again submitted his "Notice of Appeal" to the Tax Court, this time with the filing fee. The Tax Court treated the document as a complaint and filed it. The department then moved to dismiss the taxpayer's complaint on the grounds that the appeal was untimely. The Regular Division of the Tax Court granted the motion. It later denied taxpayer's motion for reconsideration.

Taxpayer now appeals from the decision of the Regular Division of the Tax Court dismissing his complaint. We review decisions of the Tax Court for "errors or questions of law or lack of substantial evidence in the record to support the tax court's decision or order." ORS 305.445.

The Regular Division of the Tax Court considers appeals from decisions of the Magistrate Division. ORS 305.501(5)(a) provides that "[a]ny party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court within 60 days after the date of entry of the written decision." However, more is required to perfect an appeal than merely lodging a complaint in the Tax Court. As noted, a taxpayer who seeks to file such a complaint must submit a filing fee of $50 for each complaint, subject to certain exceptions not at issue here.

The Tax Court has adopted a rule requiring that the filing fee or a request for waiver of the fee accompany the complaint:

"Unless exempt by law, the plaintiff shall pay a $50 filing fee as provided by ORS 305.490. *That fee must be tendered at the time of the filing of the complaint.* If the plaintiff wishes the court to consider a motion for deferral or waiver of the filing fee, as provided under ORS 21.605, the plaintiff shall make such motion to the court at the time of filing the complaint and serve the motion on all parties to the appeal."

TCR 1 E (emphasis added). Moreover, the Tax Court has adopted a related rule providing that the clerk "shall file" the complaint upon the receipt of the complaint "accompanied by" the filing fee: "Upon receipt of an original * * * complaint *accompanied by * * * a $50 filing fee*, the tax court clerk shall file the complaint in the Regular Division." TCR 1 B (emphasis added). Under ORS 305.501(5) and TCR 1 B and 1 E, an appeal from the Magistrate Division to the Regular Division is untimely unless it is filed, together with the required filing fee, within 60 days of the entry of the decision in the Magistrate Division. Generally, once the appeal period expires without a party filing a timely complaint, the decision of the Magistrate Division becomes final. ORS 305.501(7).

■ Here, as noted, taxpayer initially sought to file a complaint in the Regular Division without tendering the required filing fee at the time that he submitted the complaint, and that attempted filing was rejected. When taxpayer later resubmitted his complaint, accompanied by the filing fee, as required by TCR 1 B and 1 E, the 60-day period for filing the complaint had elapsed. As a result, the Tax Court dismissed the appeal as untimely.

■ Taxpayer argues that the Tax Court's reasoning is flawed. He asserts that TCR 1 E, requiring that the filing fee "must be tendered at the time of the filing of the complaint[,]" is inconsistent with ORS 305.490(1), which requires only that the taxpayer "pay a filing fee for each complaint." According to taxpayer, "[t]he rules of statutory construction do not allow for construing ORS 305.490 as setting the date [that] a notice of appeal [is] filed, as the date the filing fee is paid, [when] no such explicit language appears in that statute." In taxpayer's view, ORS 305.490 simply requires that the filing fee be paid at some time, not that the fee must be paid when the complaint is filed or that a complaint is insufficient if it is not accompanied by a filing fee. Taxpayer acknowledges that TCR 1 E *does* require a Tax Court plaintiff to submit the filing fee "at the time of the filing of the complaint[,]" but argues that the rule is invalid to the extent that it imposes a requirement not established by statute.

■■ We agree that a judicial or agency rule that conflicts with a statute is invalid to the extent that it so conflicts and

that a rule created within a statutory scheme cannot amend, alter, enlarge upon, or limit statutory wording so that it has the effect of undermining the legislative intent. *See Miller v. Employment Division*, 290 Or 285, 289, 620 P2d 1377 (1980) ("An agency may not amend, alter, enlarge or limit the terms of a legislative enactment by rule."). Here, however, we perceive no conflict between the Tax Court rules and any statute. ORS 305.490(1)(b) requires a plaintiff to pay a filing fee in connection with the filing of a complaint in the Regular Division. That statute does not specify when the fee must be paid, only that the plaintiff must pay it. TCR 1 B and 1 E, which the Tax Court adopted pursuant to its rulemaking authority, ORS 305.425(3),[2] require a plaintiff to submit the filing fee to the Tax Court at the time of the filing of the complaint, and, indeed, that the clerk need not "file" the complaint unless it is accompanied by the fee (or a request for a waiver of the fee). Because the statute is silent as to when the filing fee must be paid, we conclude that the Tax Court rules do not conflict with the statute, but rather aid the application of the statute by specifying with precision when the plaintiff must pay the filing fee. As a result, no conflict exists between the statute and the court rules.

■    Taxpayer further argues that, even if TCR 1 B and 1 E do not *conflict* with ORS 305.490, they nevertheless impermissibly "go beyond the legislative intent" in enacting that statute because the statute is concerned only with the payment of the fee and not with the time of payment. We disagree. Taxpayer does not argue that the Tax Court rules were improperly adopted—only that TCR 1 E is beyond the scope of the Tax Court's authority. To the contrary, the Tax Court rules are within that court's authority to require payment of the fees specified in ORS 305.490.[3]

---

[2] ORS 305.425(3) provides, in part, that the Tax Court is authorized to adopt "rules of practice and procedure" for Tax Court proceedings.

[3] Indeed, there is nothing unusual about requiring the payment of the filing fee at the time the document to which the fee applies is filed. *See* ORS 21.110(1) ("[A]*t the time of filing* in the circuit court of any civil action, suit or proceeding * * * the clerk of the circuit court shall collect from the plaintiff, appellant or moving party the sum of $107 as a flat and uniform filing fee" (emphasis added)); ORS 21.110(5) ("A pleading or other document shall be filed by the clerk only if the fee required under this section is paid by the person filing the document, or if a request for a fee waiver or deferral is granted by the court.").

We hold that TCR 1 B and 1 E require that the filing fee be paid at the time the complaint is filed; that the rules are permissible procedural rules adopted by the Tax Court pursuant to ORS 305.425(3); and that the rules do not conflict with any statute identified by taxpayer. The Tax Court permissibly insisted that taxpayer tender the filing fee before the Tax Court would file taxpayer's complaint and did not err in dismissing taxpayer's later submission, with the filing fee, as untimely.

The judgment of the Tax Court is affirmed.