DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, included in its Answer filed February 3, 2009, requesting that the Complaint be dismissed as untimely.
Defendant issued a Notice of Proposed Adjustment on April 17, 2008, for the 2007 tax year. That adjustment denied Plaintiff's claim to the child care credit. Plaintiff filed a timely written objection, but Defendant found the supporting information Plaintiff submitted insufficient to verify that her spouse did not live with her during the last six months of calendar year 2007, as required by Internal Revenue Code section 21[1] and ORS 316.078.[2]
Accordingly, on September 23, 2008, Defendant issued a Notice of Refund Denial. The court received a Complaint from Plaintiff on December 8, 2008. Plaintiff, however, did not include the $25 filing fee with her Complaint. The following day — December 9 — the court returned the Complaint to Plaintiff with a letter informing her that she "must submit a filing fee of $25.00 with the Complaint." Plaintiff resubmitted her Complaint to this court with the $25 fee on January 20, 2009 (postmark date).
DECISION OF DISMISSAL TC-MD 090047C *Page 2 
ORS 305.280(2) requires a taxpayer to appeal or refund denial notice "within 90 days after the date of the notice." The 90-day deadline from Defendant's refund denial notice was December 22, 2008. Plaintiff's Complaint is deemed filed January 20, 2009, the postmark date of her resubmitted appeal that included the filing fee. Plaintiff missed that deadline by nearly one month.
Plaintiff explained that she initially submitted the paperwork to the court before the 90-day deadline, but inadvertently failed to include the $25 filing fee. Plaintiff further stated that she then took her time in resubmitting her Complaint with the required fee.
An appeal of the Tax Court is not perfected until the applicable filing fee is paid. The $25 filing fee applicable for appeal to the Magistrate Division of the Tax Court is required both by statute and court rule. ORS305.490(1)(a) and Tax Court Rules-Magistrate Division 1 A(2).[3] The Oregon Supreme Court recently upheld a Decision by the Judge in the Regular Division of this court that dismissed as untimely an appeal initially filed within the statutory appeal period, but without the required filing fee and where the taxpayer subsequently resubmitted the appeal notice with the required fee, but after the applicable appeal deadline. Garrison v. Dept. of Rev., 345 Or 544, 200 P3d 126, WL 5412461(2008) (Garrison). In Garrison, as in the instant appeal, the court returned to the taxpayer the initial appeal documents with a letter explaining the proper steps involved in filing an appeal, including payment of the fee. Id. at 546-47. There, as here, the taxpayer failed to resubmit the appeal materials with the required filing fee prior to the applicable appeal deadline. And, as in Garrison, Plaintiff's appeal herein must be dismissed as untimely. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted and Plaintiff's appeal is hereby dismissed.
Dated this ___day of March 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 10, 2009.The Court filed and entered this document on March 10, 2009.
[1] References to the Internal Revenue Code are to the provisions in effect for the 2007 tax year.
[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007.
[3] Reference to the rules of the Magistrate Division are to those in effect as of January 1, 2009. *Page 1