DECISION
Plaintiff filed a Complaint with this court challenging his propertytaxes for the 2008-09 tax year. Defendant moved to dismiss on various grounds. A hearing was held by telephone August 5, 2009. The nature of Plaintiff's appeal, and Defendant's motion, were discussed at that hearing. Plaintiff appeared on his own behalf. Defendant was represented by Darlene Lufkin. During the hearing, Plaintiff added a claim for a reduction in value for tax year 2008-09. This Decision contains the court's ruling on Defendant's motion.
 I. STATEMENT OF FACTS
The property that is the subject of this appeal is a newer, 3,513 square foot home located on a 1.9 acre riverfront property, on Rowena River Road in The Dalles. It is identified in the assessor's records as Account 1078. The real market value (RMV) on the assessment and tax rolls for the 2008-09 tax year is $1,173,200, and the maximum assessed value (MAV) and assessed value (AV) are $549,776.
Plaintiff filed an appeal with the county board of property tax appeals (board), and the board issued an order March 11, 2009, sustaining the assessor's values for the subject property. In his Complaint to the Tax Court, Plaintiff requested "[n]o taxes until the county enforces my property rights — residential codes, criminal trespass vandalism." (Ptf's Compl at 1.) *Page 2 
The basis for the "no-tax" request, according to the Complaint, is unenforced, illegal, high-density commercial usage of the adjoining properties on both sides of the subject property. (Id.)
Defendant, in its Answer, requested that the appeal be dismissed because it was not filed within 30 days of the date the board mailed its order; that Plaintiff asserts in the Complaint the property is worth less, but has failed to specify a value; and, finally, that Plaintiff seeks remedies outside the jurisdiction of the Tax Court regarding the conduct of third party neighbors.
During the August 5, 2009, hearing, Plaintiff asserted that the value of his property should be reduced 25 percent until the neighboring illegal uses are terminated by various public officials with lawful jurisdiction. A 25 percent reduction in RMV would lower Plaintiff's RMV to $879,900. Defendant indicated that such a reduction would not reduce Plaintiff's property taxes. Plaintiff indicated that he would settle for such a reduction, notwithstanding the lack of a tax savings, but Defendant responded that it did not believe a value reduction (RMV) was in order.
The issue for the court is whether Defendant's motion for dismissal should be granted, either because Plaintiff's appeal to the Tax Court was not timely filed or because the requested reduction in value would not reduce Plaintiff's property taxes.
 II. ANALYSIS
The relief Plaintiff seeks is contrary to law for several reasons. First, the court's authority is generally limited to correcting property values, not property taxes. Moreover, there is no legal authority for the court to cancel property taxes because of external negative influences on value, where such influences are proven. The request must be framed in terms of a value reduction. When pressed by the court, Plaintiff did allege a 25 percent error in his RMV. *Page 3 
There is specific statutory authority for appealing property value. Seee.g., ORS 309.026(2)[1] (allowing taxpayers to appeal assessed value, real market value, and maximum assessed value to county board of property tax appeals); ORS 309.110(7) (providing for appeal of county board orders to the Tax Court); ORS 305.275 (allowing certain aggrieved taxpayers to file appeals with the Tax Court).
Under ORS 305.275(3), a taxpayer can appeal from an order of the county board. However, ORS 305.280(4), requires that "an appeal to the tax court * * * from an order of the county board of property tax appeals shall be filed within 30 days after the date * * * of mailing of the order." The board, in this case, mailed its Order March 11, 2009. The 30-day appeal deadline was April 10, 2009.
An appeal of the Tax Court is not perfected until the applicable filing fee is paid. The $25 filing fee, applicable for appeals in the Magistrate Division of the Tax Court, is required both by statute and court rule. ORS 305.490(1)(a) and TCR-MD 1 A(2).[2] The Oregon Supreme Court upheld a decision by the Judge in the Regular Division of this court that dismissed as untimely an appeal initially filed within the statutory appeal period, but without the required filing fee: the taxpayer subsequently resubmitted the appeal notice with the required fee, but after the applicable appeal deadline. Garrison v. Dept. of Rev.,345 Or 544, 200 P3d 126 (2008).
In this case, Plaintiff did not perfect his appeal to the Tax Court until April 21, 2009. The court did receive a Complaint form from Plaintiff on April 6, 2009; however, Plaintiff did not include the $25 filing fee with that Complaint. The court advised Plaintiff by letter dated *Page 4 
April 6, 2009, that a valid appeal required submission of the $25 filing fee with the Complaint. Plaintiff resubmitted the Complaint, or at least paid the filing fee, via Federal Express shipment to the court on April 21, 2009. However, that was after the April 10, 2009, appeal deadline. Had Plaintiff acted promptly, he could have perfected his appeal before that deadline.
In Garrison, as in the instant appeal, the court returned the initial appeal documents to the taxpayer with a letter explaining the proper steps involved in filing an appeal, including payment of the fee. Id. at 546-47. There, as here, the taxpayer failed to resubmit the appeal materials with the required filing fee prior to the applicable appeal deadline. The court, therefore, upheld the dismissal for lack of timeliness. Plaintiff's appeal in this case is similarly untimely.
The court could hear Plaintiff's appeal, and possibly order a reduction in the RMV, under the provisions of ORS 305.288(1), based on Plaintiff's allegation of an error in value greater than 20 percent not withstanding Plaintiff's failure to timely appeal from the board. However, a threshold jurisdictional requirement in the Tax Court is that the taxpayer be "aggrieved." ORS 305.275 (requiring that a taxpayer to be aggrieved when appealing to the Magistrate Division of the Oregon Tax Court). This court has interpreted that to mean that the requested reduction in value, if granted, would reduce the property taxes. Paris v. Dept. of Rev., TC 4831, WL 4801342 (Order Nov 5, 2008); Sherman v. Dept. of Rev., 17 OTR 322
(2004), Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000); Parks WestsacL.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999); Oden-Orr v. MultnomahCounty Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v.Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
Defendant informed the court that a 25 percent reduction in Plaintiff's RMV would reduce that number to $879,900, but that there would be no tax savings because Plaintiff's AV is $549,776. There is no linkage between RMV and AV, where the latter is based on an MAV that *Page 5 
is less than the RMV, which is the case in this appeal. See ORS 308.146(2) (providing that a property's AV is the lesser of the MAV or RMV). Accordingly, relief under ORS 305.288 is not available.
 III. CONCLUSION
The court concludes that Defendant's request for dismissal is granted because Plaintiff did not timely appeal from an order of the county board, and Plaintiff is not aggrieved because the requested reduction in value, if granted, would not reduce Plaintiff's property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted and Plaintiff's appeal is dismissed.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on December 16,2009. The Court filed and entered this document on December 16, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] The acronym "TCR-MD" stands for Tax Court Rule-Magistrate Division. Reference to the rules of the Magistrate Division are to those in effect as of January 1, 2009. *Page 1