ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
This matter comes before the court on the Motion to Dismiss of Defendant Department of Revenue (the department) and the response of Plaintiff Regina Purtzer (taxpayer) to the motion.[1] A hearing on this matter was held June 2, 2010, via telephone conference.
Taxpayer appealed from a decision of the Magistrate Division in favor of the department. (Ptf's Compl at 1.)[2] The decision of the magistrate was entered January 8, 2010. 60 days after that date was March 9, 2010. While the complaint of taxpayer was dated March 3, 2010, the court received neither the required fee nor a request for waiver of the required fee with the complaint of taxpayer. (Tax Court's Ltr to Ptf at 1, March 10, 2010.) The court communicated to taxpayer that the court could not file the appeal of taxpayer until the court received the required fee. Id. The court later received the fee from taxpayer by mail in an envelope *Page 2 
postmarked March 10, 2010. The court recorded the appeal of the taxpayer as filed on March 10, 2010. At the time of the appeal, taxpayer had an unpaid balance of personal income taxes, penalties, and interest with the department. (Def's Mot to Dismiss, Decl of Linda N. Richards at 1.)
The department asserts that the complaint of taxpayer should be dismissed for two reasons. First, taxpayer failed to file her complaint within 60 days after the date of entry of the Magistrate Division decision, as required by ORS 305.501(5)(a).[3] (Def's Mot to Dismiss at 1.) Second, taxpayer failed to either pay the tax, penalty, and interest due before filing the complaint or file an affidavit alleging undue hardship with the complaint as required by ORS 305.419. (Id.)
Any party dissatisfied with a Magistrate Division decision may appeal that decision by filing a complaint in the Regular Division of the Tax Court within 60 days after the date of entry of the Magistrate Division decision. ORS 305.501(5)(a). ORS 305.490 requires a party filing a complaint with the Tax Court to pay a fee at the time of filing. A complaint cannot be filed until both an original copy of the complaint and the required fee are submitted to the Tax Court. ORS 305.490; TCR 1 B. A plaintiff may also request a waiver of the required fee at the time of filing the complaint. ORS 21.685; TCR 1 E. If the complaint and required fee are not submitted within 60 days after the date of entry of the Magistrate Division decision, without a request for waiver of the required fee at the time of the filing, the complaint is untimely. Garrison v. Dept. of Rev.,345 Or 544, 547-48, 200 P3d 126 (2008). Here, taxpayer filed her complaint a day after the statutorily prescribed deadline. The complaint of taxpayer must be dismissed.
In addition to filing a complaint with the required fee, a party appealing a decision of a magistrate to the Regular Division in an income tax matter must pay the "tax assessed, and all penalties and interest due" to the department "on or before the filing of a complaint." *Page 3 
ORS 305.419(1) (emphasis added). In the alternative, a party may submit an affidavit alleging undue hardship with thecomplaint, and the court may stay the payment. ORS 305.419(3). If neither step is taken, then the complaint must be dismissed.Curtis I v. Dept. of Rev., 19 OTR 123, 125 (2006).
Here, taxpayer had a balance of tax, penalty, and interest due with the department at the time of filing. At the time of filing, taxpayer did not submit an affidavit alleging undue hardship with her complaint. In her response to the Motion to Dismiss of the department, taxpayer included a form of an affidavit alleging undue hardship; however, it did not accompany the complaint of taxpayer. Taxpayer contends that she included the form of an affidavit with her complaint. (Ptf's Resp at 3.) The records of the Tax Court do not support that contention. In any case, the form of an affidavit did not provide specific facts and circumstances that established undue hardship as required by Tax Court Rule (TCR) 18 C.See ORS 305.419(3); (Ptf's Resp, Ex A at 1-2.) Because taxpayer neither paid the tax, penalty, and interest due to the department, nor filed an affidavit alleging undue hardship complying with TCR 18 C with her complaint, the complaint of taxpayer must be dismissed.
After reviewing the motion and response and being fully advised of the premises, the court finds that such request should be granted. Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss is granted.
Dated this ___ day of June, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON JUNE 21, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] Taxpayer filed a document entitled "Motion to Dismiss All Reported 1999 and 2001 Taxes Fines and Fees[;] Motion to Dismiss All 2004 Tax Fines and Fees[; and] Motion to Reverse Magistrate's Judgment Order" with the court on May 24, 2010, to the Motion to Dismiss of the department. The court treated that document as a response.
[2] On March 10, 2010, the Regular Division of the Oregon Tax Court received a letter dated March 3, 2010, from taxpayer. The letter stated that taxpayer sought to appeal the decision of the magistrate. The court treated that letter as a complaint.
[3] All references to the Oregon Revised Statutes (ORS) are to 2009.