LANDAU, J.,
concurring.
I agree with the court’s opinion in its entirety. I write separately to address an issue that the parties did not raise, but that nevertheless made a difference in the outcome *633 of this case and could well make a difference in future cases. That issue concerns the nature of the Oregon Rules of Civil Procedure — specifically, whether they are statutes.
In brief, some are statutes, and some are not. It depends on whether they were affirmatively enacted into law by the legislature. ORS 1.735(1) provides that the Council on Court Procedures is authorized to promulgate rules of trial procedure and that any such rules must be “submitted to the Legislative Assembly” at the beginning of each session in odd-numbered years. Id. The legislature then “may, by statute, amend, repeal or supplement any of the rules.” Id. If the legislature chooses not to amend, repeal, or supplement the rules that the council submits, those rules simply “go into effect” on January 1 following the end of the legislative session. Id. When they “go into effect,” however, they do so as rules, not as statutes.
That is because the council itself lacks authority to enact statutes. The state constitution prohibits the prospective delegation of the authority to enact statutes to another body. Seale et al v. McKennon, 215 Or 562, 571-75, 336 P2d 340 (1959) (legislature may not prospectively adopt federal laws and regulations that do not yet exist); Van Winkle v. Fred Meyer, Inc., 151 Or 455, 461-62, 49 P2d 1140 (1935) (because the power to legislate “is vested exclusively in the legislative assembly” the legislature “cannot confer upon any person, officer, agency, or tribunal the power to determine what the law shall be”).[1] Instead, the constitution vests the legislative power in the legislative branch, subject only to the powers of the initiative and referendum. Id. The constitution further provides that, when the legislature does create statutes, it must do so by affirmative act — specifically, majority approval by both houses of the Legislative Assembly, Or Const, Art IV, § 25 (“a majority of all the members elected to each House shall be necessary to pass every bill”; bills to raise revenue require three-fifths majority), and presentment to the governor for signature, Art V, § 15b(l) (“Every bill which shall have passed the Legislative Assembly shall, before it becomes a law, be presented to the Governor[.]”).
*634 Thus, if the legislature takes no action on rules adopted by the Council, that inaction does not mean that the rules go into effect as statutes. The notion that the legislature can create statutory law by doing nothing is a constitutional impossibility. That does not mean that the Oregon Rules of Civil Procedure lack force. They have the force of rules promulgated by an entity authorized by the legislature to create them. But they are not statutes, unless they were affirmatively approved or amended by the legislature.
The distinction matters. To the extent that any rule conflicts with a statute enacted by the legislature, the rule is invalid. See, e.g., Garrison v. Dept. of Rev., 345 Or 544, 548, 200 P3d 126 (2008) (“We agree that a judicial or agency rule that conflicts with a statute is invalid [.]”).
Take this case, for example. The statute creating the council and authorizing it to adopt rules expressly limits the authority of the council to adopting rules of trial — and not appellate — procedure. ORS 1.735(1) (“The rules authorized by this section do not include * * * rules of appellate procedure.”). ORCP 59 H, however, provides that, “[a] party may not obtain appellate review of an asserted error by a trial court” unless specified preservation requirements have been met. To the extent that the rule was adopted to preclude appellate review without following specified rules of preservation, then, the rule would be invalid as inconsistent with the statutory authority of the council. And, in fact, that is one of the reasons that we chose in this case to give the rule a different construction.
A different result might have obtained, however, had ORCP 59 H been enacted by the legislature as a statute. In that case, the fact that the rule might otherwise exceed the authority of the council would become irrelevant, because the rule would have been adopted by the legislature. Any inconsistency between a legislatively adopted part of the rules and another statute would raise a question of legislative intent, resolved by application of garden-variety rules that pertain to conflicting statutes. See, e.g., Powers v. Quigley, 345 Or 432, 438, 198 P3d 919 (2008) (identifying basic rules that govern the resolution of conflicts between statutes).
*635 In point of fact, some of the Oregon Rules of Civil Procedure have been added or amended by statute. Those enactments are statutes. The rest, though, are not. What that means is that the Oregon Rules of Civil Procedure have become a bit of a hodgepodge, some rules having been adopted only by the Council and others having been adopted or amended by the legislature.
But that creates further problems. What happens when the legislature amends a rule, and the council later purports to change the rule as legislatively amended? That has actually occurred more than once. ORCP 18, for example, was originally adopted by the council and allowed to go into effect by legislative inaction in 1978. It was then amended by the legislature in 1987 to add ORCP 18 B. Or Laws 1987, ch 774, § 12a. Three years later, though, the council voted to “eliminate” ORCP 18 B, and the legislature took no action. Similarly, ORCP 55 was adopted by the council and allowed to go into effect without legislative amendment in 1978. Then, in 1995, the legislature amended the rule by adding ORCP 55 I. Or Laws 1995, ch 694, § 1. But after that, in 1998, the council voted to amend ORCP 55 I. And, in 2002, it voted to “delete” the rule in its entirety. I wonder by what authority the council purports to amend — much less to “eliminate” or “delete” — a statute. Certainly the legislature itself, or the people exercising their initiative power, may amend or repeal a statute. Caruthers v. Myers, 344 Or 596, 602, 189 P3d 1 (2008). But I am aware of no authority for the proposition that a legislatively created agency, commission, or council can do so. See Garrison, 345 Or at 549 (“[A] rule created within a statutory scheme cannot amend, alter, enlarge upon, or limit statutory wording.”). That would seem to suggest that the council’s purported amendments of legislatively adopted rules have no lawful effect.[2]
I raise this issue for three reasons. First, we need to be more careful about how our own opinions characterize the *636 Oregon Rules of Civil Procedure. Oregon courts have not been consistent in their characterization of the rules, often referring to them generally as “statutes.” See, e.g., Rodriguez v. The Holland, Inc., 328 Or 440, 445, 980 P2d 672 (1999) (“[T]he Oregon Rules of Civil Procedure provide statutory context for construing ORS 20.080[.]”); Stupek v. Wyle Laboratories Corp., 327 Or 433, 442, 963 P2d 678 (1998) (“ORS 174.120 applies to civil procedure statutes other than the Oregon Rules of Civil Procedure.”); Garcia v. DMV, 195 Or App 604, 608 n 5, 99 P3d 316 (2004) (“After enactment of the Oregon Rules of Civil Procedure, however, confusion arose because of inconsistencies between those rules and other statutes.”); Dept. of Rev. v. Faris, 19 OTR 178, 186 (2006) (“There maybe cases where a certain form is required by statute, such as Oregon Rule of Civil Procedure (ORCP) 7 F[.]”).
Second, parties in future cases should be aware of the significant consequences that flow from the fact that only some parts of the rules are statutes, and then brief their cases accordingly.
Third, the current status of certain rules that have been serially amended by the legislature and the council is uncertain, at best. One solution would be to simply lay the Oregon Rules of Civil Procedure before the legislature for enactment in their entirety. Short of that, however, if the council or the legislature wishes particular rules to be treated as statutes, then those rules must be affirmatively enacted as statutes, in accordance with the law-making principles of the state constitution.
Brewer, J., joins in this concurring opinion.

 And, even assuming the legislature could delegate lawmaking authority to some other body, it would be odd, indeed, if that body were to include — as the Council on Court Procedures does by statute — members of the judicial branch.

 I have not attempted an exhaustive catalog of other rules that have been amended by both the legislature and the council, in that order. But a cursory review of the rules suggests that ORCP 21 A, 32 F, 36 B, 43 A, 54 A, 57 C, and ORCP 69 A and B are among them. In some cases, the legislature and the council amended different portions of the same rule, which makes determining which part of a given rule is statutory and which is not even more of a problem.