IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ROUGH & READY LUMBER LLC, )
)
Plaintiff, ) TC-MD 140014N
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-entitled matter on

April 30, 2014. The court did not receive a request for an award of costs and disbursements

(TCR-MD 19) within 14 days after its Decision of Dismissal was entered. The court's Final

Decision of Dismissal incorporates its Decision of Dismissal without change.

This matter is before the court on Defendant's affirmative defense, asserting that

Plaintiff's Complaint was untimely and should be dismissed. (Def's Ans at 1.) A case

management conference was held in this matter on April 14, 2014, during which the parties

discussed Defendant's affirmative defense and agreed to submit additional written arguments.

Plaintiff filed a response to Defendant's affirmative defense on April 17, 2014, and Defendant

filed its Reply on April 22, 2014. This matter is now ready for the court's determination.

A.     *Statement of Facts*

On December 17, 2013, Plaintiff sent a letter to the Josephine County Clerk stating that it

"would like to formally appeal the Real Market Value as assessed on our 2013-14 real property

tax statements* * *." (Ptf's Ltr at 3, Apr 17, 2014.) The letter identified the property at issue as

Account R346494 (subject property). (*Id.*) On December 24, 2013, the Josephine County Board

of Property Tax Appeals (BOPTA) Clerk sent a letter to Plaintiff stating that BOPTA:

"lacks jurisdiction on the appeal you submitted for [the subject property]. BoPTA cannot hear appeal on DOR-appraised industrial property. I have enclosed information on how to appeal your property value with the Department of Revenue along with a copy of the petition you submitted to our office."

(Ptf's Ltr at 5, Apr 17, 2014.) A Department of Revenue publication entitled "How to Appeal Your Property Value" was attached. (*Id.* at 6-7.) The publication states, in pertinent part:

"Generally, if you wish to appeal the value of industrial property appraised by the Department of Revenue (DOR), you must file your appeal with the Magistrate Division of the Tax Court. The deadline to file an appeal is December 31. If December 31 falls on a Saturday, Sunday, or legal holiday, the filing deadline moves to the next business day."

(*Id.* at 6 (emphasis omitted).)

On December 30, 2013, Plaintiff sent a letter to this court stating that it "would like to formally appeal the Real Market Value as assessed on our 2013-14 real property tax statements * * *." (Ptf's Ltr at 8, Apr 17, 2014.) A BOPTA petition, a tax statement, and a 2013 value transmittal sheet for the subject property were attached. (*Id.* at 8-12.) Plaintiff's letter was stamped "Received" by the Magistrate Division on January 2, 2014. (*Id.* at 8.) On January 3, 2014, the court sent a letter to Plaintiff stating, in pertinent part, that Plaintiff's

"documents were received in the Magistrate Division of the Oregon Tax Court on January 2, 2014. ***The court has not filed your documents.*** * * * To file a valid appeal with the Magistrate Division, a Complaint form must be completed and returned with the documents being appealed ***and the required fee of $252.00 or a complete fee waiver or deferral application*** for the court's consideration."

(*Id.* at 15 (emphasis in original).) Plaintiff's Complaint, including the fee of $252, was postmarked to the court on January 6, 2014. (Ptf's Compl at 8.)

B.      *Analysis*

Defendant asserts that Plaintiff's Complaint was not timely filed with this court and should be dismissed. (Def's Reply at 1.) Under ORS 305.403(2), an appeal of the assessed value of principal or secondary industrial property must be filed "with the tax court in the

manner prescribed under ORS 305.560 during the period following the date the tax statements are mailed for the current tax year and ending December 31."[1] Plaintiff does not challenge the applicability of ORS 305.403 in this case. (*See generally* Ptf's Ltr at 1, Apr 17, 2014.) Thus, the filing deadline for Plaintiff's Complaint was December 31, 2013. The question becomes whether Plaintiff's Complaint was filed on or before December 31, 2013.

ORS 305.418 states, in part, "[a]ny complaint required by law to be filed with the Oregon Tax Court that is: (1) Transmitted through the United States mail, shall be deemed filed (a) on the date shown by the post-office cancellation mark stamped upon the envelope containing it[.]" ORS 305.490(1)(a) states "[p]laintiffs or petitioners filing a complaint or petition in the tax court *shall* pay the filing fee established under ORS 21.135 *at the time of filing* for each complaint or petition." (Emphasis added). Tax Court Rule-Magistrate Division (TCR-MD) 1 A(3) reiterates the requirement that a fee is due under ORS 305.490 and ORS 21.135 for each complaint filed and states that "[t]he fee *must be* tendered at the time of the filing of the complaint." (Emphasis added).

This court has ruled that "[a] complaint cannot be filed until both an original copy of the complaint *and* the required fee are submitted to the Tax Court." *Purtzer v. Dept. of Rev.* (*Purtzer*), 20 OTR 99, 100 (2010) (citing ORS 305.490) (emphasis in original). "A plaintiff may also request a waiver of the required fee at the time of filing the complaint." *Id.* at 100 (citing ORS 21.685). In *Purtzer*, this court dismissed the plaintiff's appeal as untimely when the plaintiff failed to submit her complaint with the required fee or a request for waiver of the required fee within the time provided for appeal. *Id.* at 101 (citing *Garrison v. Dept. of Rev.*, 345 Or 544, 547-58, 200 P3d 126 (2008)).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

Although Plaintiff mailed a letter to the court on December 30, 2013, expressing its intent to file an appeal, Plaintiff failed to include the required fee. Plaintiff's Complaint, including the required fee, was not filed with the court until January 6, 2014. Plaintiff's Complaint was not timely filed under ORS 305.403(2).

When a complaint is not timely filed, this court may nevertheless have jurisdiction to consider the appeal under ORS 305.288(3) if the court determines that "good and sufficient cause" exists for the plaintiff's failure to pursue the statutory right of appeal.[2] *See, e.g., Nicolynn Properties, LLC, v. Department of Revenue*, TC No 5172, WL 6858997 at *6 (2013) (stating that, although the taxpayer's appeal was not timely filed "[t]he benefit of ORS 305.288 would be available if taxpayer could show that it qualified under that statute."). Plaintiff has not alleged any facts supporting a finding that good and sufficient cause exists for Plaintiff's failure to timely file its appeal with this court. The court concludes that Defendant's request for dismissal of Plaintiff's Complaint must be granted. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] ORS 305.288(5)(b) states that "[g]ood and sufficient cause:"

"(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

"(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information by any person except an authorized tax official providing the relevant misleading information."

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this ⎯⎯⎯ day of May 2014.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on May 19, 2014. The court filed and entered this document on May 19, 2014.*