IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Excise Tax

| | | |
|---|---|---|
| AMERICAN EXPRESS COMPANY & SUBSIDIARIES, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 170031R |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL[1]** |

This matter came before the court on Defendant's Motion to Dismiss on the ground that

Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).[2]

## I. STATEMENT OF FACTS

A review of Plaintiff's materials shows the Conference Decision Letter was mailed to

Plaintiff on October 20, 2016.  On or about January 18, 2017, Plaintiff wrote a letter to the Tax

Court – Magistrate Division, including a Statement of Authorization to Represent Form and the

Complaint along with a copy of the Conference Decision Letter.  Plaintiff used postage from

Pitney Bowes and the envelope containing the Complaint was not post-marked by the U.S. Postal

Service.  Plaintiff did not include the filing fee for the Complaint and instead explained in its

letter that a check was sent separately by UPS ground and "will be arriving on January 19,

2017."  (Comp. at 17.)  Plaintiff's filing fee arrived at the court on January 24, 2017, and the

court deemed the Complaint filed on that day pursuant to Tax Court Rule-Magistrate Division

(TCR-MD) 1.

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered May 19, 2017.  The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2015 version.

Defendant asserts that the deadline for Plaintiff to file a complaint was January 18, 2017, and that Plaintiff's Complaint was not timely. It further asserts that because the envelope containing the Complaint and filing fee was not post-marked by the U.S. Postal Service by January 18, 2017, that Plaintiff is not covered by the safe harbor rule contained in ORS 305.418.

Plaintiff asserts that they attempted to file the Complaint and filing fee in good faith by using UPS ground, but that there was a delay in delivery due to weather. They further explain that they mailed a second copy of the Complaint on January 18, 2017, by U.S. mail in good faith. Plaintiff further argues that TCR-MD 1 is invalid to the extent it conflicts with ORS 305.418.

## II. ANALYSIS

A.    *Deadline to File an Appeal*

ORS 305.280(2), provides:

"An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

The Conference Decision Letter on appeal was mailed to Plaintiff on October 20, 2016. Pursuant to ORS 305.280(2), the deadline for Plaintiff to file an appeal with the Tax Court is 90 days later, or January 18, 2017.

B.    *When a Complaint is Deemed Filed*

The timing of when the Tax Court deems a complaint filed is based on ORS 305.490, ORS 305.418, and TCR-MD 1. ORS 305.490, states in pertinent part:

"(1)(a) Plaintiffs or petitioners filing a complaint or petition in the tax court shall pay the filing fee established under ORS 21.135 at the time of filing for each complaint or petition.
(b) In addition to the fee imposed under paragraph (a) of this subsection, plaintiffs or petitioners filing a complaint under ORS 305.501 (5) shall pay the filing fee

established under ORS 21.135 at the time of filing the complaint."

When a complaint is filed by mail, ORS § 305.418 provides a safe harbor. That statute provides in pertinent part:

"Any complaint required by law to be filed with the Oregon Tax Court that is: (1) Transmitted through the United States mail, shall be deemed filed (a) on the date shown by the post-office cancellation mark stamped upon the envelope containing it, or (b) on the date it was mailed if there is also mailed to the tax court a declaration of mailing, signed by the appealing party or the attorney of the appealing party and verified by oath or affirmation, subject to penalties for false swearing * * *."

TCR-MD 1 (footnote omitted) states in pertinent part:

"A(1) Filing a Complaint. The plaintiff must submit to the court all of the following:
A(1)(a) A signed written complaint on the form provided by the court, or in similar format;
A(1)(b) Two copies of the signed written complaint and any attached documents, unless the complaint is electronically filed; and
A(1)(c) A fee for each complaint filed. ORS 305.490; ORS 21.135. The fee must be tendered at the time of the filing of the complaint."

Plaintiff argues that ORS 305.418 and 305.490 are in conflict and the court should look to ORS 305.418 to determine the filing date. The court does not agree. ORS 304.490 requires a filing fee to be presented at the time a complaint is filed, and ORS 305.418 provides a safe harbor when a complaint is filed by mail. Statutes should be read in harmony when possible to give effect to all provisions, not to create an unnecessary conflict or to omit statutory language. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."). The court finds that the statutes are not in conflict and can be interpreted without omitting or inserting any language.

Plaintiff chose to file its Complaint and filing fee using UPS ground. It sent the package

in what Plaintiff deemed a sufficient amount of time, under normal circumstances. Unfortunately, the package did not arrive at the court by the January 18, 2017, deadline. Because Plaintiff did not use the U.S. Postal Service, for that package, they are not protected by the safe harbor rule. Plaintiff mailed a second copy of the Complaint to the court on January 18, 2017, with the U.S. Postal Service, but without a filing fee. For this package, Plaintiff's Complaint cannot be deemed filed on January 18, 2017, because it was not post-marked by the U.S. Postal Service on that day and because it did not include the filing fee. Plaintiff did not submit a declaration of mailing and thus it is not protected by ORS 305.418(1)(b). The Oregon Supreme Court has clearly held that a complaint filed without the required filing fee, which is later submitted, is untimely. *Garrison v. Dept. of Rev.*, 345 Or 544, 550, 200 P3d 126, (2008), see also *Purtzer v. Dept. of Rev.* 20 OTR 99 (2010).

Plaintiff argues that *Garrison* and *Purtzer* can be distinguished because those cases involved "bad faith" whereas Plaintiff attempted to file its Complaint in good faith. The court finds that neither of the cases cited involved an analysis of good or bad faith. The filing deadlines are objective and not subjective. Had Plaintiff mailed the Complaint and filing fee with the U.S. Postal Service, and had the envelope contained a post-mark on or before January 18, 2017, or provided a timely declaration of mailing, it would have been safeguarded from any mailing delays.

## III. CONCLUSION

The Complaint was filed on January 24, 2017. The deadline to appeal was January 18, 2017. Plaintiff did not file a complaint and tender a filing fee until after that date. Plaintiff is not protected by the safe harbor provision of ORS 305.418 because its first package was not sent by the U.S. Postal Service and its second package was neither post-marked nor did it contain a filing

fee as required by ORS 305.490 and TCR-MD 1. The court is not aware of any circumstances that extend the statutory filing deadline of 90 days. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiff's appeal is dismissed.

Dated this ____ day of June 2017.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 6, 2017.*